# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: G.F.**

**No. 14-0127** (Raleigh County 11-JA-136)

**FILED**

June 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Steven Mancini, appeals the Circuit Court of Raleigh County's January 7, 2014, order terminating his parental rights to G.F. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), John Parkulo, filed a response on behalf of the child that also supported the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental rights without providing him proper notice and absent a motion to terminate his parental rights. Petitioner Father also alleges that the circuit court erred in terminating his parental rights against the weight of the evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, the DHHR filed an abuse and neglect petition against G.F.'s mother, alleging that she admitted to using hydrocodone while she was pregnant with T.C.[1] and that T.C. was born with opiates in his system. In January of 2012, the DHHR amended the mother's petition for abuse and neglect by adding Petitioner Father. The amended petition alleged that Petitioner Father abandoned G.F. because he failed to provide for her after he was released from incarceration. Petitioner Father stipulated that his incarceration interfered with his ability to appropriately care for and support G.F. As such, the circuit court adjudicated the child as neglected and Petitioner Father as a neglectful parent. Thereafter, the circuit court granted Petitioner Father a six month post-adjudicatory improvement period.

During a review hearing on March 28, 2013, the circuit court found that Petitioner Father failed to submit to regular drug screens. Several months later, the circuit court held another review hearing on Petitioner Father's post-adjudicatory improvement period. By order entered on July 1, 2013, the circuit court found that Petitioner Father was "not progressing in his post-

---

[1]Petitioner Father is not T.C.'s father, and T.C. is not part of this appeal.

1

adjudicatory improvement period," and set another review hearing for August 22, 2013[2], to enable Petitioner Father to successfully complete his improvement period. During the subsequent review hearing, the circuit court heard evidence favoring the termination of Petitioner Father's parental rights. However, because Petitioner Father failed to attend the hearing, the circuit court continued the hearing and informed all the parties, including Petitioner Father's counsel, that a dispositional hearing would be set for October 2, 2013, to allow Petitioner Father the opportunity to present any evidence.

At the conclusion of the dispositional hearing, the circuit court found that Petitioner Father's addiction has seriously impaired his parenting skills and that he had failed to benefit from services during the proceedings. As such, the circuit court terminated Petitioner Father's parental rights. It is from this order that Petitioner Father now appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Petitioner Father raises three assignments of error on appeal. First, Petitioner Father argues that the circuit court erred in terminating his parental rights without giving him proper notice of the dispositional hearing. Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights. Further, it is clear that the circuit court offered Petitioner Father both notice of the dispositional hearing and an opportunity to be heard, as required by Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-5(a).

A review of the transcript reveals that at the conclusion of the May 30, 2013, hearing the circuit court set a "review and/or dispositional hearing on August 22, [2013]."[3] Further,

---

[2] The circuit court continued Petitioner Father's hearing until September 26, 2013.

[3] Petitioner Father's counsel was not present at this hearing, but substitute counsel was present during the hearing. The record is devoid of any information as to why Petitioner Father's counsel could not attend the hearing, but he arranged for another attorney to attend the hearing in his place.

Petitioner Father's counsel was present at the September 26, 2013, hearing even though Petitioner Father was not. Therefore the circuit court continued the dispositional hearing to allow Petitioner Father to attend and present any evidence. As such, it is clear that proper notice was provided to all parties pursuant to Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Further, the Court finds that Petitioner Father was offered the opportunity to be heard at the dispositional hearing as required by West Virginia Code § 49-6-5(a). Therefore, we find no error in this regard.

Next, Petitioner Father argues that the circuit court violated his due process rights by terminating his parental rights without a proper motion. Specifically, Petitioner Father alleges that he was not made aware of the reasons for termination. This Court has held that "'[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.' Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001)." Syl. Pt. 6, *In re Elizabeth A.*, 217 W.Va. 197, 617 S.E.2d 547 (2005).

Although we find that the DHHR did not file a case plan seeking termination or move for the termination of Petitioner Father's parental rights, this inaction did not substantially frustrate the purpose of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Rule 2 of those rules provides that "[t]hese rules shall be liberally construed to achieve safe, stable, secure permanent homes for abused and/or neglected children and fairness to all litigants. These rules are not to be applied or enforced in any manner which will endanger or harm a child . . . ." The record before us shows that the circuit court heard evidence that Petitioner Father failed to submit to drug tests, which imputed knowledge to Petitioner Father as early as March 28, 2013, of the conditions that needed to be met to complete his improvement period. Prior to Petitioner Father's continued dispositional hearing, the circuit court heard testimony that the DHHR was seeking termination because Petitioner Father did not attend parenting classes, failed two drug tests, and did not report for numerous drug tests in violation of the terms of his improvement period. Importantly, the circuit court continued the dispositional hearing to allow Petitioner Father to address these allegations. Therefore, the rules were not "substantially disregarded or frustrated" in this case.

Finally, the Court finds no error in the circuit court's decision to terminate Petitioner Father's parental rights. Petitioner Father alleges that the circuit court failed to make an accurate accounting of the evidence below, but it is clear the evidence supported termination. As noted above, the circuit court heard testimony that Petitioner Father failed to regularly visit G.F., failed drug screens, failed to report to numerous drug tests, and stopped participating in other services in March of 2013.

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child . . . ." As stated above, the evidence shows that Petitioner Father failed to participate in services designed to remedy the conditions of abuse and neglect. Pursuant

3

to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the January 7, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II